UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL TISIUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-00426-SRB |
| | ) Capital Case |
| DAVID VANDGRIFF, | ) |
| | ) |
| Respondent. | ) |

## Motion to Vacate this Court's Sealed, Ex Parte Orders and to Unseal Sealed, Ex Parte Motions

The Court should vacate its sealed, ex parte orders (Docs. 109 and 110), unseal Tisius's sealed, ex parte motions (Docs. 107 and 108), and allow Respondent an opportunity to oppose those sealed, ex parte motions.

## Background and Procedural History

This Court denied Tisius's petition for a writ of habeas corpus on October 30, 2020, and that decision was upheld after review by the United States Court of Appeals and the Supreme Court of the United States. On September 23, 2022, counsel for Tisius sent a facsimile transmission to Respondent (Tisius never notified Respondent's counsel) that contained a document that appears to a sealed, ex parte order from this Court, entered in this case. On September 30, 2022, Tisius provided another apparent sealed, ex parte order by facsimile. The apparent orders, styled as documents 109 and 110 in this matter, require

1

Respondent to avoid publically disclosing their contents. Before the facsimile transmissions, Respondent had no prior notice of those orders or any pleadings requesting the relief they provide. The orders do not provide any explanation or authority for the Court's decision beyond referencing corresponding motions made by Tisius, apparently documents 107 and 108 in this matter. Respondent has never been provided with those motions or informed of their contents, and those documents do not appear on the Court's docket.

## Argument

While Respondent has not been provided with the legal basis for this Court's apparent orders, this Court cannot order discovery in this closed case, and the Court has no jurisdiction to enter judicial orders to aid Tisius with his state legal actions or his state clemency application. *See Baze v. Parker,* 632 F.3d 338, 345–46 (6th Cir. 2011); *see also Bowles v. Desantis,* 934 F.3d 1230, 1243–44 (11th Cir. 2019).  And, whether or not the Court could issue the relief in its orders, it was error to do so without providing Respondent notice and an opportunity to be heard.

**I. The Court had no authority to enter the sealed, ex parte orders.**

From the circumstances of the Court's apparent orders, Respondent infers that the Court has entered its orders relying on 18 U.S.C. § 3599, which gives the Court an administrative role in providing funds for indigent litigants

2

to pay for "adequate representation or investigative, expert, or other reasonably necessary services." § 3599(a)(1). The Court's administrative role under § 3599 also extends to "clemency proceedings as may be available to the defendant." It is possible that Tisius has applied for clemency in Missouri or is preparing to do so.

If that is the case, "the only jurisdictional power granted to the district court by section 3599 is the power to appoint attorneys and oversee the release of federal funds to those attorneys," so this Court would have no jurisdiction to grant the relief provided in its apparent orders. *Baze,* 632 F.3d at 346. The provisions of § 3599 are administrative, not judicial, so this Court cannot use § 3599 as a basis for judicial authority over state actors. *See In re Carlyle,* 644 F.3d 694, 699 (8th Cir. 2011); *see also Zink v. Lombardi et. al.,* 12-CV-04209-BP, Doc. 512 at 3–4 (W.D. Mo Oct. 14, 2015). Indeed § 3599 "concerns when a federal district court has the authority to appoint counsel or approve the funding of other services" and provides no basis for this Court to "force [its] way into" state proceedings. *Bowles,* 934 F.3d at 1244.

This Court has "no supervisory power over the courts of the several States," *Dickerson v. United States,* 530 U.S. 420, 438 (2000), and no role in Missouri's clemency process. *Herrera v. Collins,* 506 U.S. 390, 414 (1993); *Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 280–81 (1998) (plurality opinion of Rehnquist, J.). Missouri's clemency power is vested solely in the

3

Governor of Missouri. *State ex rel. Lute v. Missouri Bd. of Probation and Parole,* 218 S.W.3d 431, 435 (Mo. 2007). The power to grant pardon or commutation is "a mere matter of grace that the governor can exercise upon such conditions with such restrictions and limitations as he may think proper." *Id.* (citations and quotations omitted). Federal courts have very little, if any, oversight of that executive discretion. *Bowles,* 934 F.3d at 1242; *See Woodard,* 523 U.S. at 289 (O'Connor, J. concurring) ("[J]udicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process."); *see also Young v. Hayes,* 218 F.3d 850, 853 (8th Cir. 2000) (active interference with state clemency procedures violates due process); *but see Winfield v. Steele,* 755 F.3d 629, 631–32 (8th Cir. 2014) (Gruender, J., concurring) (arguing *Young* should be overruled because it misinterpreted *Woodard* and "runs counter to the weight of authority from other courts"); *and Gissendaner v. Commissioner, Georgia Dept. of Corrections,* 794 F.3d 1327, 1333 (11th Cir. 2015) (*Young* "cannot be squared with what Justice O'Conner's opinion actually says or with the great run of Supreme Court decisions refusing to transform violations of state law into federal due process claims.").

Even if this Court had some authority to review constitutional issues presented in the clemency process under *Young* and 42 U.S.C. § 1983, Tisius

4

has not filed, pled, or proved a claim that would justify any such relief. And even if he had, that would not give the Court further jurisdiction over *this* case. Any order the Court issues under its federal habeas corpus authority in this case would be subject to applicable statutory limits. Tisius cannot seek any further habeas relief against his death sentence without first obtaining permission from the United States Court of Appeals for the Eighth Circuit. 28 U.S.C. § 2244(a). And, unless Tisius meets the strict requirements of 28 U.S.C. § 2254(e)(2), this Court would not be able to issue orders to assist him in gathering evidence he did not develop in state court. *Shinn v. Ramirez,* 142 S. Ct. 1718, 1738 (2022); *Shoop v. Twyford,* 142 S. Ct. 2037, 2046 (2022) ("A transportation order that allows a prisoner to search for new evidence is not necessary or appropriate in aid of a federal court's adjudication of a habeas corpus action." (quotations omitted)).

Put simply, there is no authority that would allow this Court to direct the production of additional evidence in this case. If Tisius believes additional evidence would be relevant to his clemency petition or another state matter, he must make that request through any available processes under Missouri law. For example, the Governor of Missouri, with the assistance of the Missouri Parole Board, has authority to investigate and review clemency applications. Mo. Rev. Stat. § 217.800. If the governor or the parole board find that

5

additional evidence is necessary to complete the clemency review, they can facilitate its production. Mo. Rev. Stat. § 217.800.2; Mo. Rev. Stat. § 552.070.

Because this Court has no jurisdiction to enter the relief contemplated by its apparent sealed, ex parte orders, the Court should vacate those orders.

## II. The Court has no authority to adjudicate sealed, ex parte motions that impact Respondent's legal interests.

Whatever the support for the Court's apparent orders, the Court erred in considering sealed, ex parte motions that impacted Respondent's legal interests and in ordering Respondent to take actions without providing Respondent notice and opportunity to be heard. The Court's orders broach "an important question of state sovereignty," *Shoop,* 142 S. Ct. at 2043 n.1, and "'aggravate the harm to federalism that federal habeas review' already causes." *Bowles,* 934 F.3d at 1243 (quoting *Davila v. Davis,* 137 S. Ct. 2058, 2070 (2017)). Those important state interests cannot be set aside lightly and certainly not in secret court proceedings where the State was not represented.

Even if the Court entered its order relying on § 3599, that law provides that "No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality." § 3599(f). Setting aside that § 3599 does not allow the Court to enter judicial orders commanding Respondent to aid Tisius in collecting evidence for state-court proceedings, Respondent cannot discern how

6

ex parte proceedings were necessary here, when Respondent was an essential party in carrying out the court's orders.

The ex parte proceedings here are especially concerning because it is impossible for Respondent to know what other secret orders have been entered in similar cases, what other secret requests have been made, and whether this is part of a larger strategy by Tisius's counsel, who represent other capital offenders in Missouri. If other similar ex parte proceedings have been allowed in this case or in other cases, they may evidence intentional efforts to undermine the limits of federal and state post-conviction proceedings by convincing federal courts to enter unlawful secret orders without allowing the State to defend its interests.

There is no reasonable argument that the ex parte motions or orders were justified under § 3599, and Respondent is aware of no other potential justification. Further, even if there were a basis to seal the motions, the Court must also consider whether complete sealing of the documents is the most narrowly tailored way to achieve a compelling state interest. *Flynt v. Lombardi*, 885 F.3d 508, 513–14 (8th Cir. 2018).

If the Court is to take any further action on the issues discussed in its sealed, ex parte orders, the Court should do so in a forum that allows all parties to have notice and an opportunity to be heard, and in a way that complies with the common-law right of access to judicial records. *See, e.g., Flynt*, 885 F.3d at

7

511–12. Since this case is concluded, the Court must also consider whether any previously sealed docket entries must be unsealed. *Zink,* 12-CV-04209-BP, Doc. 512 at 3–4.

**Conclusion**

For these reasons, the Court should vacate its sealed, ex parte orders (Docs. 109 and 110), unseal Tisius's sealed motions (Docs. 107 and 108), and allow Respondent an opportunity to oppose those motions.

Further, to the extent that the Court has entered other sealed, ex parte orders that impact Respondent's legal interests, the Court should take the same actions.

Respectfully submitted,

**ERIC SCHMITT**
Attorney General

*/s/ Andrew J. Crane*
ANDREW J. CRANE
Assistant Attorney General
Missouri Bar No. 68017
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-0264
andrew.crane@ago.mo.gov

Attorneys for Respondent

8

**Certificate of Service**

I certify I filed this document and any attachments using the Court's CM/ECF system on October 6, 2022. Counsel for all other parties will be served electronically.

> */s/ Andrew J. Crane*
> Andrew J. Crane
> Assistant Attorney General