IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL TISIUS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:17-cv-00426-SRB |
| DAVID VANDERGRIFF, WARDEN, | ) |
| Respondent. | ) |

# ORDER

Before the Court is Petitioner Michael Tisius's ("Petitioner"): (1) Supplemental Petition for Writ of Habeas Corpus (Doc. #123); and (2) Motion for Stay of Execution Pending Ruling of this Court (Doc. #126). As set forth below, both motions are DENIED.

This Order assumes familiarity with the facts of this case, procedural history, and applicable law. Briefly, at the age of 19, Petitioner shot and killed two jailers. Petitioner was convicted of two counts of first-degree murder in the Circuit Court of Boone County, Missouri, and was sentenced to death on both counts. On October 30, 2020, this Court denied Petitioner's first petition for writ of habeas corpus under 28 U.S.C. § 2254. The Eighth Circuit Court of Appeals subsequently denied a Certificate of Appealability, and the United States Supreme Court denied certiorari. Petitioner's execution is currently scheduled for June 6, 2023, at 6:00 p.m.

On January 13, 2023, Petitioner filed a Petition for Writ of Habeas Corpus with the Missouri Supreme Court. *Tisius v. Vandergriff*, Mo. Sup. Ct. Case No. SC99938. Petitioner argued that his death sentence for a crime he committed at the age of 19 violates "the Eighth Amendment as applied to him and because he is categorically exempt from such a punishment."

(Doc. #123-2, p. 1.)[1]  On March 1, 2023, the Missouri Supreme Court denied the Petition without a hearing and without comment.  *Tisius*, Mo. Sup. Ct. Case No. SC99938 (March 1, 2023).

On May 4, 2023, Petitioner filed the pending Supplemental Petition for Writ of Habeas Corpus (the "Supplemental Petition").  Petitioner argues that "the Missouri Supreme Court's decision, denying relief on this claim without a hearing was an unreasonable application of clearly established federal law."  (Doc. #123, p. 33.)  On May 11, 2023, the Court presided over a telephone conference with the parties to address the Supplemental Petition.  The Supplemental Petition raises two primary issues, and both are addressed below.

The first issue is whether the Supplemental Petition should be dismissed as an unauthorized second or successive petition.  Under 28 U.S.C. § 2244, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Upon review of the record and the parties' arguments, the Court finds the Supplemental Petition is a second or successive habeas petition.[2]  Because Petitioner acknowledges the Eighth Circuit has not authorized the filing of a second or successive habeas petition, the Supplemental Petition must be dismissed.  28 U.S.C. § 2244(b)(2), (b)(3)(A).

Assuming the Supplemental Petition is not a second or successive habeas petition, the second issue is whether the Missouri Supreme Court's denial of the ground for relief presented herein "was contrary to, or involved an unreasonable application of, clearly established Federal

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

[2] In particular, the Court rejects Petitioner's argument that he could not have previously raised the ground for relief in the Supplemental Petition and/or that the ground for relief "just recently ripened for review on March 1, 2023, when the Missouri Supreme Court denied his petition for writ of habeas corpus under Mo. Sup. Ct. R. 91 on the merits." (Doc. #123, p. 3.)

law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The ground for relief presented by Petitioner is that:

> under the evolving standards of decency, no legitimate justification exists for prohibiting the death penalty for 17-year-olds but not 19-year-olds, and Mr. Tisius's death sentence for conduct committed at age 19 is unconstitutional. Additionally, Mr. Tisius's individual characteristics—including his brain defects and dysfunction, particularly in the areas of frontal-striatal and temporal lobe functioning, and his reformed character—preclude his execution under the Eighth Amendment as it applies to him.

(Doc. #123, pp. 11, 27; *see also* Doc. #126, p. 4.)

Upon review, the Court rejects Petitioner's arguments and finds that the Missouri's Supreme Court's denial was a reasonable application of clearly established federal law. In *Roper v. Simmons*, 543 U.S. 551 (2005), the Supreme Court held that "the Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed." *Id.* at 578. *Roper* remains good law, has not been overturned, and stands for the proposition that the death penalty may be imposed on individuals—such as Petitioner—who committed their crimes at the age of 19. The United States Supreme Court—and not this Court—should decide whether to revisit or expand *Roper*. For purposes of resolving the Supplemental Petition, this Court concludes that the Missouri Supreme Court's denial was not an unreasonable application of clearly established federal law.[3] The Court further finds that Petitioner has failed to present any other arguments that would support granting habeas or any other relief.

Consequently, it is hereby ORDERED that: (1) Petitioner's Supplemental Petition for Writ of Habeas Corpus (Doc. #123) is DENIED; (2) Petitioner's Motion for Stay of Execution Pending Ruling of this Court (Doc. #126) is DENIED AS MOOT; (3) Petitioner's request for a

---

[3] This Court rejected Petitioner's arguments regarding his "mental age" in the Order denying his first habeas petition.

3

hearing is DENIED AS MOOT; and (4) Petitioner is DENIED a certificate of appealability for the reasons stated herein.

**IT IS SO ORDERED.**

Dated: May 11, 2023

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge