**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

MICHAEL TISIUS,                              )
                                             )
                  Petitioner,                )
                                             )
         v.                                  )        Case No. 4:17-cv-00426-SRB
                                             )
DAVID VANDERGRIFF, WARDEN,                   )
                                             )
                  Respondent.                )

## ORDER

Before the Court is Petitioner Michael Tisius's ("Petitioner"):  (1) Supplemental Petition

for Writ of Habeas Corpus (the "Supplemental Petition") (Doc. #132); and (2) Motion for Stay of

Execution (Doc. #133).  As set forth below, the Motion for Stay of Execution (Doc. #133) is

GRANTED, and the Supplemental Petition (Doc. #132) is DEFERRED pending the conclusion

of an evidentiary hearing.

Because time is of the essence, this Order assumes familiarity with the facts of this case,

procedural history, and applicable law.  Only those facts and arguments necessary to resolve the

pending motions are discussed below.  Briefly, at the age of 19, Petitioner shot and killed two

jailers.  Petitioner was convicted of two counts of first-degree murder in the Circuit Court of

Boone County, Missouri, and was sentenced to death on both counts.  Petitioner's execution is

currently scheduled for June 6, 2023, at 6:00 p.m.

On May 2, 2023, Petitioner filed a petition for writ of habeas corpus in the Supreme

Court of Missouri, *State ex rel. Tisius v. Vandergriff*, Case No. SC100059.  The petition asserted

that Petitioner's statutory and constitutional rights were violated because one juror at his 2010

resentencing hearing ("Juror 28") could not read the English language.  *See* Mo. Rev. Stat.

§ 494.425 ("The following persons shall be disqualified from serving as a petit or grand juror:

. . . (5) Any person unable to read, speak and understand the English language[.]")  On May 23,

2023, the Missouri Supreme Court denied the petition without a hearing and without a written

opinion.  *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("[I]t may be presumed that the state

court adjudicated the claim on the merits in the absence of any indication or state-law procedural

principles to the contrary.")

On May 25, 2023, Petitioner filed the pending motions.  The Motion for Stay of

Execution requests "a stay of his execution, now scheduled for June 6, 2023, at 6:00 P.M.,

pending disposition of the supplemental petition for habeas corpus relief[.]"  (Doc. #133, p. 1.)

Upon review, the Court finds a stay of execution is warranted because of several factual disputes

that must be resolved at an evidentiary hearing.

Petitioner's counsel state they only recently discovered that Juror 28 was allegedly

unqualified.  Petitioner also submitted an Affidavit from Juror 28, which he signed on May 3,

2023.  In this Affidavit, Juror 28 states that:

> I believe in an eye for an eye . . . Someone at the Courthouse helped me fill
> out my juror questionnaire . . . I told the Courthouse employee that I could
> not read.  The Courthouse employee took me into a private room.  The
> Courthouse employee read word for word the questionnaire and filled in the
> answers for me.

(Doc. #132-1, pp. 3-5.)

 Respondent also obtained an Affidavit from Juror 28, which he signed May 7, 2023.  In

that Affidavit, Juror 28 states that "I sometimes say that I cannot read or write, but it is more

accurate to say that I cannot read or write very well."  (Doc. #132-1, p. 7.)  The Affidavit further

states that Juror 28 reads at a third or fourth grade level, and that he "came into the trial with an

open mind." (Doc. #132-1, p. 7.) This Affidavit does not address whether or not a Courthouse employee filled in Juror 28's questionnaire.

In sum, the record contains conflicting evidence which cannot be resolved without an evidentiary hearing. Among other things, there are factual disputes regarding whether Juror 28 could read at the time he was selected as a juror, whether a Courthouse employee improperly assisted Juror 28 in filling out his questionnaire, and whether a Courthouse employee improperly failed to disclose that assistance. If the factual disputes are resolved in favor of Petitioner, the Court could find that the Supplemental Petition is not an unauthorized second or successive petition under 28 U.S.C. § 2244 and that Petitioner is entitled to habeas relief. If the factual disputes are resolved in favor of Respondent, the Court could find that the Supplemental Petition is unauthorized and/or that Petitioner is not entitled to habeas relief.

A brief stay of execution is warranted under these circumstances. The factors relevant to a stay are: (1) the prisoner's likelihood of success on the merits; (2) the relative harm to the parties; and (3) the extent to which the prisoner has unnecessarily delayed his or her claims. *See, e.g.*, *Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). For the reasons discussed above, Petitioner has presented evidence sufficient to satisfy each factor. Although Respondent has an interest in finality and carrying out a judgment, those interests are outweighed by Petitioner's interest in not being "dead without the opportunity to have this Court" make findings of fact and conclusions of law regarding Juror 28. (Doc. #133, p. 9.)

Consequently, it is hereby ORDERED that:

(1) Petitioner's Motion for Stay of Execution (Doc. #133) is GRANTED; and

(2) Petitioner's execution date, currently scheduled for June 6, 2023, at 6:00 p.m. (CST) is STAYED pending further order of this Court; and

3

(3) The Court's Courtroom Deputy will contact the parties to schedule an evidentiary hearing at the earliest practicable date and time.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2023